UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GWENDOLYN DEVORE, on behalf A.M., | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No. 14-0061 (ABJ/AK) |
| DISTRICT OF COLUMBIA, | ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION**

Plaintiff Gwendolyn Devore brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, seeking attorneys' fees and costs totaling $34,776.63 for work completed in support of a successful IDEA administrative action against the District of Columbia Public Schools ("DCPS") on behalf of her minor grandchild. Compl. [Dkt. # 1]. Both parties have moved for summary judgment. Pl.'s Mot. for Summ. J. [Dkt. # 8] ("Pl.'s Mot."); Def.'s Opp. to Pl.'s Mot. & Cross-Mot. for Summ. J. [Dkt. # 10] ("Def.'s Mot."). After the Court referred the matter to a Magistrate Judge, the Magistrate Judge issued a Report and Recommendation advising that plaintiff be awarded $26,370.26 in attorneys' fees and costs. Report & Recommendation [Dkt. # 16] ("Report") at 13. Plaintiff timely filed written objections to the Report. Pl.'s Objections to the Magistrate Judge's Proposed Findings & Recommendations [Dkt. # 18] ("Pl.'s Objections"). Defendant responded to plaintiff's objections, but it did not object to any portion of the Report. Def.'s Resp. to Pl.'s Objections [Dkt. # 19] ("Def.'s Resp.").

After careful review of the Report, the parties' pleadings, and the available evidence, the Court rejects the Report's recommendation that plaintiff's counsel be compensated at a rate of

$217.50 per hour and that counsel's paralegal be compensated at a rate of $108.75 per hour. *See* Report at 13. The Magistrate Judge reduced the applicable *Laffey* Matrix[1] rates of $290 per hour and $145 per hour by 25% on the grounds that the underlying action was not complex. *See id.* at 10–12. But the Court finds that the *Laffey* Matrix rates plaintiff requested supply reasonable hourly rates for plaintiff's counsel's time and her paralegal's assistance in this particular case. The Court will therefore grant plaintiff's motion for summary judgment and deny defendant's cross-motion for summary judgment, and it will enter judgment in the amount of $34,776.63 in favor of plaintiff.

## BACKGROUND

Plaintiff, the grandparent and sole guardian of a student enrolled in a District of Columbia Public School and the student's educational advocate, filed a due process complaint with DCPS on April 8, 2013, alleging that defendant denied her grandchild access to a free appropriate public education as required under the IDEA. Report at 2; Hearing Officer Determination, Ex. 1 to Pl.'s Mot. [Dkt. # 8-3] ("HOD") at 1. On May 30, 2013, and June 7, 2013, the Hearing Officer conducted a two-day due process hearing. HOD at 2. During the hearing, plaintiff entered thirty-five documents into evidence, defendant entered twenty-one documents, and the Hearing Officer entered thirteen documents. *Id.* at 3–5. The hearing included the testimony of eight witnesses, including two experts. *Id.* at 5. On June 22, 2013, the Hearing Officer issued an order reflecting the parties' agreement resolving the case in plaintiff's favor. *Id.* at 30; Report at 2–3, 6; Compl. ¶¶ 8, 56.

---

1 The *Laffey* Matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985)." *Covington v. District of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995). It is periodically updated by the United States Attorney's Office for the District of Columbia, and the version relevant in this case is available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix%202014.pdf ("*Laffey* Matrix").

Following the decision, plaintiff's counsel, Alana Hecht, submitted an invoice to DCPS seeking reimbursement of her fees and costs for the administrative proceeding. *See* Ex. 2 to Pl.'s Mot. [Dkt. # 8-4] ("Invoice"). She sought reimbursement for $34,776.63, based on costs of $281.13 and fees for 150.6 hours[2] of work – 87.3 hours of attorney services at a rate of $290 per hour, and 63.3 hours of paralegal services at a rate of $145 per hour.[3] *See* Invoice at 60; *see also* Report at 3. In support of her request for fees, counsel averred that she has been practicing law since 2005, and that she is the sole attorney at and an owner of D.C. Disability Law Group, P.C., which focuses exclusively on the field of special education law. V.S. of Att'y Alana Hecht, Ex. 3 to Pl.'s Mot. [Dkt. # 8-5] ("Hecht Statement") ¶¶ 15, 22–23. In addition, Hecht stated that her paralegal, Chithalina Khanchalern, possesses a master's degree in Special Education and has extensive experience in the field of special education litigation. *Id.* ¶¶ 48–50.

Defendant never paid plaintiff's counsel's invoice, and on January 16, 2014, plaintiff filed a complaint in this Court seeking reimbursement of the requested attorneys' fees and costs. Compl. ¶¶ 2–3. On January 17, 2014, this Court referred the case to a Magistrate Judge for full case management and the preparation of a report and recommendation pursuant to Local Civil Rule

---

2  The Magistrate Judge stated that plaintiff sought reimbursement for 151.6 total hours of work, Report at 3, but the Court finds that plaintiff's counsel's invoice reflects only 150.6 hours of work. Invoice at 60 (listing 150.6 hours of "Total Labor"). The Court will use 150.6 hours in determining plaintiff's fee award.

3  Plaintiff's counsel states that, based on her years of experience, she could have begun charging defendant a higher *Laffey* Matrix rate of $355 per hour as of June 2013. *See* V.S. of Att'y Alana Hecht, Ex. 3 to Pl.'s Mot. [Dkt. # 8-5] ("Hecht Statement") ¶ 39; *Laffey* Matrix. However, she "mistakenly believed that [she] was considered an attorney with only 7 years of experience according to the *Laffey* Matrix" when she billed defendant for her services, and she is therefore seeking only that lower rate of $290 per hour. Hecht Statement ¶ 39. It is undisputed that $290 is the *Laffey* Matrix rate for services rendered during the relevant time period by an attorney with between four and seven years of experience, and that $145 per hour is the *Laffey* rate for paralegal services rendered in the same timeframe. *See Laffey* Matrix.

72.3. Referral to Magistrate Judge Order [Dkt. # 3]. On July 7, 2014, plaintiff moved for summary judgment, and on August 7, 2014, defendant cross-moved for summary judgment. *See* Pl.'s Mot.; Def.'s Mot.

On March 2, 2015, the Magistrate Judge issued his Report, recommending that the Court grant in part and deny in part both motions. Report at 1–2. Citing *Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 62–63 (D.D.C. 2011), and other similar holdings from this District, the Magistrate Judge concluded that a 25% reduction of the applicable *Laffey* Matrix rates of $290 per hour for Hecht and $145 per hour for her paralegal would result in reasonable hourly rates for Hecht's services and her paralegal's work. Report at 8–12. The Magistrate Judge based this recommendation on his finding that "[t]here is no indication that this IDEA case involved discovery, extensive briefing, presented a novel legal issue, or was otherwise significantly more complex than most IDEA cases," *id.* at 10–11, and that "this is a straightforward, typical case seeking IDEA legal fees." *Id.* at 12. In light of those conclusions, the Magistrate Judge recommended "awarding rates equal to three-fourths of the *Laffey* rates," resulting in rates of $217.50 per hour for plaintiff's counsel's work and $108.75 per hour for the paralegal's work. *Id.* The Magistrate Judge went on to conclude that "the work performed by [Hecht] and the amount of time spent on such tasks is reasonable," *id.*, and that her request for costs was also reasonable. *Id.* at 13. In total, the Report recommended that plaintiff receive $26,089.13 in fees and $281.13 in costs, for an award of $26,370.26. *Id.*

On March 2, 2015, plaintiff objected to the Report, arguing that the 25% reduction of the *Laffey* rates of $290 and $145 was unwarranted.[4] *See* Pl.'s Objections. Specifically, plaintiff argued that the complexity of a case should not be a factor in determining the hourly rate for an

---

4   Plaintiff did not object to any other portion of the Report. Pl.'s Objections at 1.

attorney practicing under the IDEA, and that even if complexity were properly considered, the case was sufficiently complex to warrant full *Laffey* rates. *Id.* Defendant, in response, argues that complexity is properly a factor to be considered in determining the hourly rate for an IDEA case, that the underlying administrative action was not sufficiently complex to warrant full *Laffey* rates, and that the Magistrate Judge's recommendation should be adopted in full. Def.'s Resp. at 2–7.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommendations, the Court reviews *de novo* the portion of the report to which the party has objected. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c); *Smith v. District of Columbia*, 846 F. Supp. 2d 197, 199 (D.D.C. 2012); *D.D. ex rel. Davis v. District of Columbia*, 470 F. Supp. 2d 1, 1 (D.D.C. 2007). The Court may "accept, reject, or modify" the Magistrate Judge's recommendations. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c).

Under the IDEA, a court has the discretion to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(I). Therefore, if a court determines that the plaintiff seeking attorneys' fees is a prevailing party, it must determine whether the requested attorneys' fees are reasonable. *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts typically determine the reasonableness of attorneys' fees based on the "'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Jackson*, 696 F. Supp. 2d at 101, quoting *Hensley*, 461 U.S. at 433. This is sometimes called the "lodestar" method. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). The plaintiff bears the burden of establishing both the reasonableness of the hourly rate and the reasonableness of the number of hours spent on a particular task. *See McClam v. District of Columbia*, 808 F. Supp. 2d 184, 188 (D.D.C. 2011),

citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

## ANALYSIS

The parties have not objected to the Report's findings that plaintiff was the prevailing party in the underlying administrative action, that the hours she expended were reasonable, or that she is entitled to her requested costs. The Court accepts the Magistrate Judge's findings on those issues. Therefore, the only question before the Court is the reasonable hourly rate for the services provided by plaintiff's counsel and her paralegal.

Plaintiff bears the burden of establishing the reasonableness of her attorney's requested hourly rate. *McClam*, 808 F. Supp. 2d at 188; *see also Covington*, 57 F.3d at 1107. To show the reasonableness of the hourly rate, plaintiff must establish "at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington*, 57 F.3d at 1107. The Magistrate Judge determined that plaintiff had "offer[ed] evidence sufficient to establish her attorney's experience, skill, and reputation in IDEA matters," Report at 6, but he nevertheless found that a 25% reduction in the *Laffey* Matrix rates was appropriate in light of the level of complexity of the underlying administrative proceeding. *Id.* at 8–12. Plaintiff asks the Court to reject this recommendation and to order an award at the full *Laffey* rates of $290 and $145 for plaintiff's counsel and her paralegal. Pl.'s Objections. Defendant urges the Court to adopt the Magistrate Judge's recommendation that the case was not sufficiently complex to call for the full *Laffey* rate. Def.'s Resp. at 2–7.

There has not been a unified approach to establishing the rates for attorneys' fees in IDEA cases in this District, and there is authority supporting a range of approaches. In discounting the *Laffey* rate by 25%, the Magistrate Judge followed the approach taken in *Rooths*, which treated the

6

*Laffey* rates as a "presumptive maximum" for federal litigators' services in the District of Columbia. 802 F. Supp. 2d at 61; *see also* Report at 8–12. Because the *Rooths* court found that the IDEA case for which the plaintiff sought fees did "not much resemble the sort of complicated cases in which a plaintiff's counsel is appropriately awarded fees at the maximum allowable rate," it held that the fee award to the plaintiff should be calculated at only three-quarters of the applicable *Laffey* rate. *Rooths*, 802 F. Supp. 2d at 62–63. The *Rooths* court further stated that, "[l]ike most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law." *Id.* at 63.

Other courts in this District have "rejected the suggestion that IDEA administrative litigation is categorically less complex than other forms of litigation, and reaffirm[ed] that IDEA cases are sufficiently complex to allow application of the *Laffey* Matrix." *Irving v. D.C. Pub. Schs.*, 815 F. Supp. 2d 119, 129 (D.D.C. 2011), citing *Jackson*, 696 F. Supp. 2d at 102; *see also Eley v. District of Columbia*, 999 F. Supp. 2d 137, 156–162 (D.D.C. 2013); *Bucher v. District of Columbia*, 777 F. Supp. 2d 69, 74–75 (D.D.C. 2011). Those cases recognize that IDEA cases "take a variety of different litigation paths" and "cannot be dismissed as categorically routine or simple." *Thomas v. District of Columbia*, 908 F. Supp. 2d 233, 243 (D.D.C. 2012). IDEA cases "typically require testimony from education experts regarding whether a student has been denied a free and public education," *Jackson*, 696 F. Supp. 2d at 102, and a plaintiff's counsel must "understand the bureaucratic workings of [DCPS]," *Cox v. District of Columbia*, 754 F. Supp. 2d 66, 76 (D.D.C. 2010), while becoming conversant with a wide range of disabling cognitive, emotional, and language-based disorders and the corresponding therapeutic and educational approaches. As a result, those courts find that IDEA litigation is sufficiently complex to warrant full *Laffey* rates.

In keeping with those decisions, the Court rejects the Report's recommendation to reduce the *Laffey* rates of $290 and $145 by 25% for the stated reason of a lack of complexity in the underlying administrative proceedings.[5] Since an attorney's total fee award is determined by multiplying the number of hours expended by the hourly rate, reducing the *Laffey* rates to reflect the brevity of the case could improperly account for the length of the proceedings twice. *See, e.g., Eley*, 999 F. Supp. 2d at 160 ("[T]he complexity of the case is accounted for by the number of hours expended and should not be accounted for by a blunt reduction of rates before applying the rates to the number of hours expended."). And since plaintiff's counsel is already seeking a lower *Laffey* rate for some of her time than she would be entitled to based on her years of experience, *see* Hecht Statement ¶ 39, the Court finds that the 25% reduction of her hourly rate across the board was excessive.[6] It is true that this case was ultimately resolved through a consent order, but that was only after the hearing had been completed and written closing arguments submitted. *See* Report at 11.

But the Court notes that plaintiff has done little to establish either "the attorneys' billing practices" or "the prevailing market rates in the relevant community" that are other factors to be considered in assessing whether a party has met its burden to establish the reasonableness of the attorney's rates. *See Covington*, 57 F.3d at 1107. The attorney's verified statement does not

---

5   The Court notes, however, that the Report analyzed the state of the law on this issue thoroughly and fairly, and this decision should not be read to hold that the full *Laffey* rates will be appropriate in every IDEA case.

6   Similarly, the Court was dismayed by both the tone and the substance of defendant's argument that the "fact that the majority of the work in this case was completed by . . . a paralegal . . . belies [counsel's] protestation that the subject matter was so complex that the Court should award *Laffey* matrix rates for her services. [Counsel's] invoice betrays her and closes the book on the question of complexity as most of the work in this case was completed by a paralegal." Def.'s Resp. at 6. This argument again muddles the distinction between rates and the hours to be multiplied by those rates – plaintiff is not seeking to recover for paralegal time at attorneys' rates.

8

provide any information about what rates might be included in the engagement letter in this case, if any, or indeed, in any engagement letter issued by D.C. Disability Law Group, and it does not indicate what rates would be charged to clients with the ability to pay or whether all cases are handled on a contingency basis. It simply suggests that the firm seeks *Laffey* rates in every case, *see* Hecht Statement ¶ 12; *see also id.* ¶ 31 ("If I cannot get *Laffey* rates in a timely manner for the legal work I perform, I may not be able to continue serving the indigent population on a contingency basis."), and it points out that the firm has been awarded fees at those rates in certain specific cases, *id.* ¶ 38, without describing the cases in which the firm might have been paid something else. *See e.g.*, *Hines v. District of Columbia*, No. 13-cv-0560-JEB-AK, 2014 WL 23323 at *1 (D.D.C. Jan. 2, 2014); Order, *Madden v. District of Columbia*, No. 13-cv-1051-JDB-AK (Mar. 28, 2014) [Dkt. # 27]; Order, *Hines v. District of Columbia*, No. 13-cv-0695-JDB-AK (Mar. 18, 2014) [Dkt. # 23]. There is no information about the prevailing rates for special education litigators, or any federal litigators, in this market beyond the reference to *Laffey*. So the plaintiff could have done more to meet her burden to establish the reasonableness of her rates.

It is equally true, however, that the proposition which underlies the trend in automatically reducing IDEA awards by 25% – that the *Laffey* Matrix rates are in fact the "presumptive maximum" for "complex federal litigation" services provided in the District of Columbia – is not supported by recent data in this record or in the recent IDEA cases emanating from this District. The Court has been provided with no evidence from either side that would answer the question of what "prevailing market rates" might be for District of Columbia federal litigators in general or for special education lawyers in particular, and it questions whether lawyers in this region handling the sort of complex civil federal matters to which the IDEA cases are regularly compared actually

bill their clients at *Laffey* rates today, or whether they are in fact charging considerably more.[7] And the defendant did little to illuminate the issue by pointing the Court to the $90.00 rate paid by the Superior Court of the District of Columbia for court-appointed counsel in Family Court matters, *see* Def.'s Mot. at 7–8, which the Magistrate Judge correctly found "has no bearing on the determination of the hourly rate for legal fees in this IDEA case." Report at 7.[8]

For all of these reasons, in consideration of plaintiff's counsel's experience in special education cases and her paralegal's special education background and experience, and the scale that has been routinely accepted as setting forth the prevailing market rates in this community for federal litigation, the Court concludes that the *Laffey* Matrix rates of $290 and $145 per hour for

---

[7]  The Court also notes that, as the D.C. Circuit observed in *Covington*, fee matrices are "somewhat crude," and *Laffey* "lumps attorneys with four to seven years of experience in the same category; attorneys with eleven to nineteen also share the same hourly rate." 57 F.3d at 1109.

[8]  The Court recognizes that there is considerable authority in this District that supports utilizing the *Laffey* Matrix as it has been updated as a benchmark for awarding attorneys' fees in federal cases. *See, e.g.*, *Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets Sys. Tech., Inc.*, 986 F. Supp. 6, 10–11 (D.D.C. 1997); *Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F. Supp. 482, 485 (D.D.C. 1997); *Ralph Hoar & Assocs. v. Nat'l Highway Traffic Safety Admin.*, 985 F. Supp. 1, 9 n.3 (D.D.C. 1997). The Court also notes that there is authority for both awarding those rates and reducing them by a percentage in IDEA cases, as discussed above. But if members of the special education bar continue to engage in what seems to be a common practice of invoking *Laffey* rates without more, and if DCPS continues to reject those rates reflexively without more, while insisting on depressed and unrealistic rates of its own, lawyers on both sides will continue to be forced to expend too much valuable time and effort on fee litigation, and this courthouse will continue to produce opinions reflecting varying approaches, none of which are grounded in current market data (assuming one could even derive current market data for legal fees when those fees are generally paid by the defendant under a statutory fees provision). There have been efforts to revise the DCPS rates in recent years. *See, e.g.*, Report & Recommendation, *A.B. by Holmes-Ramsey v. District of Columbia*, No. 10-cv-1283-ABJ-JMF [Dkt. # 60] at 13–14 (describing revisions to the DCPS reimbursement guidelines for IDEA cases). But the situation still cries out for a systemic solution, involving a serious, cooperative dialogue between the District and the bar, with the goal of crafting a schedule of presumptive rates based on recent market information and real data concerning the economics of the private practice of law in this metropolitan area.

plaintiff's counsel and her paralegal do not significantly overstate the reasonable hourly rate for their services and should be awarded.

## CONCLUSION

Based on the Court's review of the Magistrate Judge's Report and Recommendation, the pleadings, and the available evidence, the Court adopts the Magistrate Judge's Report in part and modifies it in part. The Court finds that plaintiff is entitled to $34,495.50 in fees at the following hours and rates: $25,317.00 for 87.3 hours of plaintiff's counsel's time at $290 per hour, and $9,178.50 for 63.3 hours of paralegal time at $145 per hour. Additionally, the Court finds that plaintiff is entitled to $281.13 in costs. The Court will therefore grant plaintiff's motion for summary judgment and deny defendant's cross-motion for summary judgment, and it will enter judgment in the amount of $34,776.63 in favor of plaintiff.

A separate order will issue.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: March 31, 2015